UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS



Jose Maria DeCastro,
Plaintiff,

v. Civil Action No. 1:25-cv-11610-LTS

Joshua Abrams a/k/a "Accountability for All,"
Dale Hiller a/k/a "LackLuster,"
Kate Peter a/k/a "Masshole Troll Mafia,"
Defendants.

PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO EFFECT SERVICE

I. INTRODUCTION

Plaintiff Jose Maria DeCastro, proceeding pro se, respectfully moves this Court for an order pursuant to Federal Rule of Civil Procedure 4(m) enlarging the time to effect service of process by sixty (60) days.

Good cause exists because, despite diligent efforts, Plaintiff has been unable to ascertain the physical residential addresses of Defendants, who are online-based public figures. However, Plaintiff has transmitted the summons and complaint to each Defendant by email, and Defendants have actual notice of this lawsuit. Defendant Abrams has publicly admitted that he and Defendant Hiller have retained Attorney Josh Garrick as their defense counsel in this case.

II. BACKGROUND

1. Plaintiff filed this action on June 4, 2025. The Clerk issued summonses the same day. Under Rule 4(m), the deadline to serve Defendants is September 2, 2025.
2. Plaintiff has undertaken diligent efforts to identify the residential addresses of Defendants Abrams, Hiller, and Peter. Plaintiff has also attempted to locate Defendants through publicly available records and internet searches, without success. These efforts have been unsuccessful, as Defendants are internet-based personalities who conceal their physical locations.
3. On August 26, 2025, Plaintiff transmitted copies of the summons and complaint via email to Defendants, as detailed in the attached exhibits.
4. Despite the service challenges, Defendants have actual notice of this lawsuit. Plaintiff further notes that Defendant Abrams publicly acknowledged this lawsuit during a recorded online broadcast, in which he stated that he and Defendant Hiller had retained Attorney Josh Garrick to represent them in this matter. A transcript excerpt is attached as Exhibit C.

III. ARGUMENT

Rule 4(m) provides that "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Good cause exists here because:

This is Plaintiff's first request for an enlargement of time to effect service.

1. Diligent Efforts Made: Plaintiff has diligently attempted service by researching Defendants' online operations and attempting email contact.
2. Concealment of Location: Defendants deliberately conceal their physical addresses while operating as internet-based public figures.
3. Actual Notice Exists: Despite service difficulties, Defendants have actual notice of the lawsuit, as evidenced by Defendant Abrams' public statements acknowledging the case and confirming legal representation.
4. No Prejudice: Defendants suffer no prejudice from an extension as they already know of the lawsuit and are preparing their defense through retained counsel.

Moreover, even if the Court were to find good cause lacking, the Court retains discretion to enlarge time under Rule 4(m). See *Henderson v. United States*, 517 U.S. 654, 662 (1996).

Without enlargement, Plaintiff risks dismissal despite Defendants' undisputed actual notice of the proceedings.

IV. RELIEF REQUESTED

Plaintiff respectfully requests that this Court enter an Order enlarging the time for Plaintiff to effect service of process upon Defendants to and including November 1, 2025.

V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion for Enlargement of Time.

Respectfully submitted,

Dated: August 27, 2025

/s/ Jose Maria DeCastro
Jose Maria DeCastro
Plaintiff, Pro Se
1258 Franklin Street
Santa Monica, CA 90404
Cell: (310) 963-2445
Email: chille@situationcreator.com