UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSE DECASTRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 25-11610-LTS |
| ) | |
| DALE HILLER, JOSHUA ABRAMS, ) | |
| and KATE PETER, ) | |
| ) | |
| Defendants. ) | |

ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE AND
FOR ALTERNATIVE SERVICE (DOC. NO. 17)

November 4, 2025

SOROKIN, J.

Pending before the Court is pro se plaintiff Jose DeCastro's motion for extension of time to serve and for authorization to serve by alternative means. Doc. No. 17. That motion is ALLOWED for the reasons and to the extent described below.

I. BACKGROUND

On June 3, 2025, DeCastro filed suit against three individual named defendants—Dale Hiller, Joshua Abrams, and Kate Peter—as well as five Doe defendants. Doc. No. 1. He later amended his complaint as of right. Doc. No. 10. DeCastro alleges that defendants Hiller, Abrams, and Peter each operate YouTube channels; his complaint stems from various statements allegedly made on those channels. Id. at 2–4.

On August 29, 2025, DeCastro moved for an extension of time to serve defendants Hiller, Abrams, and Peter, arguing that he was unable to locate their physical addresses despite his diligent efforts to do so. Doc. No. 11. He alleged that these defendants are "internet-based

personalities who conceal their physical locations." Id. at 1. He also attached to his motion (1) copies of emails he sent to Hiller, Abrams, and Peter to which he attached summonses and copies of the amended complaint, and (2) a transcript of a YouTube video in which defendant Abrams allegedly acknowledged the present lawsuit. Doc. Nos. 11-2 to -6. The Court allowed DeCastro's motion, extending his time to serve by sixty days. Doc. No. 15.

DeCastro now moves for another sixty-day extension of time to serve, as well as authorization to effect service by email or social media. Doc. No. 17. He describes in detail his unsuccessful efforts to locate current physical addresses for the defendants. Id. at 1–2. DeCastro reiterates his contention that the defendants are "online content creators" who "intentionally maintain anonymity regarding their physical location" in order to "avoid unwanted contact from viewers and the public." Id. at 2. He also submits copies of additional emails from DeCastro to Hiller discussing the suit. Doc. Nos. 17-2, -3.

II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) provides that service on an individual may be made "by . . . following state law for serving a summons in an action . . . in the state where the district court is located." Under Massachusetts state law, service may be made on an individual by personal service, by delivery to the individual's "last and usual place of abode," or by delivery to an authorized agent. Mass. R. Civ. P. 4(d)(1). But if, "after diligent search" the person "can find neither the defendant, nor the defendant's last and usual abode, nor any agent upon whom service may be made," the Court "may on application of the plaintiff issue an order of notice in the manner and form prescribed by law." Id. Thus, "alternative service is warranted under Massachusetts state law—and by extension, the Federal Rules of Civil Procedure—where a plaintiff, on his own or through a process server, makes numerous unsuccessful attempts to

effectuate service of process on a defendant." Murell v. Patriot Front, No. 23-cv-11802-IT, 2023 WL 7332991, at *1 (D. Mass. Nov. 7, 2023) (citation modified).

The means of alternative service must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). "Service via email and/or social media may suffice to meet this bar." Murrell, 2023 WL 7332881, at *1. Service via email or social media may be appropriate when the parties have used those means to communicate in the past. See XMOD Indus. v. Kennedy, No. 22-cv-11464-IT, 2022 WL 17486611, at *2 (D. Mass. Dec. 7, 2022). Defendants' actual knowledge of the suit tends to make these alternative means of service reasonable. See In re Terrorist Attacks on Sept. 11, 2001, No. 03-md-01570-GBD, 2022 WL 1088567, at *3 (S.D.N.Y. Apr. 5, 2022).

III.   DISCUSSION

DeCastro has detailed his diligent but unsuccessful efforts to locate physical addresses for the three named defendants. Doc. Nos. 11, 17. DeCastro states that he has conducted multiple online searches of public records, business registration, and domain registration databases, and has reviewed defendants' social media presences, all to no avail. Doc. No. 17 at 1. DeCastro's showing of multiple unsuccessful efforts to serve the defendants constitutes sufficient diligence such that alternative service is warranted. See Murrell, 2023 WL 7332881, at *1; Mass. R. Civ. P. 4(d)(1).

DeCastro has shown that service via email is "reasonably calculated, under all the circumstances," to apprise defendants Hiller, Abrams, and Peter of the pendency of this action. Mullane, 339 U.S. at 314. DeCastro alleges that the defendants have actual knowledge of this suit and that DeCastro has previously communicated with the defendants via email. Doc. Nos.

3

11-2 to -6, 17, 17-2, 17-3.  Under these circumstances, service by email is reasonable and appropriate.  See Murrell, 2023 WL 7332881, at *2.

DeCastro also requests to serve the defendants via "[d]irect message via their YouTube channels and associated social media accounts."  Doc. No. 17 at 5.  While service via social media may be reasonable under some circumstances, DeCastro has not presently shown that service by YouTube direct message would be effective—i.e., that he could transmit all of the required documents via that platform.  He also has not specified on which platforms the other "associated social media accounts" are hosted nor how he would effect service via those accounts.  Compare XMOD Indus., 2022 WL 17486611, at *2 (noting that the plaintiffs stated that they "only communicated with [the defendant] through Telegram and Discord, which are semi-private messaging applications that allow users to send messages, files, and audio to other users" and authorizing service via Telegram and Discord based "on this communication history between the parties").  Thus, at this time, the Court does not authorize service by social media.

IV. CONCLUSION

For the foregoing reasons, DeCastro's request to serve defendants Hiller, Adams, and Peter by email, and his motion for an additional sixty days to effect service, are ALLOWED.  Doc. No. 17.  DeCastro's deadline to serve is now January 2, 2026.  DeCastro shall timely serve each named defendant by email with (1) a summons, (2) a copy of the amended complaint, and (3) a copy of this Order.  DeCastro shall thereafter file proof of service with the Court showing that service was made in accordance with this Order.  That proof of service shall demonstrate that the email address used for each defendant is the defendant's valid personal email address.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge