UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



JOSE DECASTRO,
Plaintiff,

v. Civil No. 25-11610-LTS

DALE HILLER, JOSHUA ABRAMS,
and KATE PETER,
Defendants.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR REASSIGNMENT

I. INTRODUCTION

Plaintiff Jose DeCastro respectfully opposes Defendants Joshua Abrams and Dale Hiller's Motion for Reassignment (ECF No. 24). Defendants' motion fails as a matter of law because cases are related only when they involve substantially similar legal and factual issues. They do not. Defendants mischaracterize the prior litigation and seek reassignment solely to obtain a different judge after Judge Sorokin, following random assignment, entered substantive orders favorable to Plaintiff.

The prior lawsuit did not involve defamation claims. It involved copyright infringement claims under federal intellectual property law, which are entirely distinct from the state law tort claims now at issue. This dispositive difference alone defeats Defendants' reassignment request.

Moreover, Defendants waived any reassignment request by failing to designate this case as related when acknowledging service, when requesting an extension, or at any time before Judge Sorokin issued substantive rulings. The timing of this motion—filed only after Judge Sorokin entered orders favorable to Plaintiff—strongly suggests strategic judge shopping that undermines the integrity of the random assignment system.

Reassignment at this stage would delay the case, duplicate judicial labor, and prejudice Plaintiff by disrupting consistent management of the action.

II. FACTUAL BACKGROUND

On June 3, 2025, Plaintiff filed this action alleging defamation, false light invasion of privacy, intentional infliction of emotional distress, and civil conspiracy arising from false statements Defendants made on their YouTube channels. ECF No. 10 (First Amended Complaint). The claims center on Defendants' allegedly false assertions that Plaintiff engages in blackmail and extortion, assaulted a woman, and operates fraudulent business schemes.

1

Defendants reference a prior action, *DeCastro v. Abrams*, Case No. 1:22-cv-11421-ADB (the "Prior Action"), which was dismissed on July 11, 2023. The Prior Action involved federal copyright infringement claims under 17 U.S.C. § 501. The pleadings in the Prior Action speak for themselves and contain no defamation or tort claims. The Prior Action was dismissed before reaching discovery, trial, or any factual development. No live dispute remained after dismissal.

Judge Leo T. Sorokin has already substantively engaged with the present case. Specifically:

- On November 4, 2025, Judge Sorokin issued a detailed Order (ECF No. 18) granting Plaintiff's motion for extension of time to serve and authorizing alternative service by email.
- Judge Sorokin made specific factual findings that Defendants are "online content creators who intentionally maintain anonymity regarding their physical location" and that service by email is "reasonably calculated" under the circumstances to provide notice. *See* ECF No. 18 at 2–3.
- Judge Sorokin established case-specific procedures and set a service deadline of January 2, 2026.
- Judge Sorokin demonstrated familiarity with the unique procedural challenges arising from Defendants' anonymity and online-only presence.

Service has now been effectuated in accordance with Judge Sorokin's Order. Defendants acknowledged receipt of service on November 13, 2025, requested and received a 30-day extension to respond (which Plaintiff granted), and only then—on December 1, 2025—filed this reassignment motion.

## III. LEGAL STANDARD

Local Rule 40.1(g)(1) provides that cases are related if: "(A) some or all of the parties are the same; and (B)" they involve the same or substantially similar issues of fact, arise out of the same occurrence, or involve insurance coverage for the same property.

Courts construe related-case rules narrowly because reassignment undermines the integrity of random assignment and may invite forum shopping. *See, e.g., United States v. Walker*, 920 F.3d 163, 167–68 (1st Cir. 2019) (reassignment is a "drastic remedy" used sparingly to preserve impartial random assignment). Courts routinely deny related-case classification where claims arise from the same general relationship or event but require different legal analyses. Any doubt must be resolved in favor of keeping the existing assignment to protect the integrity of random judicial assignment.

## IV. ARGUMENT

A. This Case Is Not "Related" Under Local Rule 40.1(g)

1. Defendants Fundamentally Mischaracterize the Prior Action

Defendants' motion rests on a false factual premise. Defendants assert that both lawsuits involve defamation claims arising from the same June 10, 2022 livestream. ECF No. 24 at 1–2. This is incorrect.

The Prior Action (22-cv-11421) involved federal copyright infringement claims. The docket and amended complaint in that case confirm that Plaintiff alleged Defendants unlawfully reproduced his copyrighted video content without authorization. Plaintiff did not plead defamation, false light, intentional infliction of emotional distress, or civil conspiracy in the Prior Action.

Defendants misleadingly cite paragraphs from the Prior Action's complaint that discussed *context* for the copyright infringement—noting that Defendants made certain statements *during* the livestream where they also displayed Plaintiff's copyrighted content. But the operative claims were copyright-based, not defamation-based. The Prior Action sought relief under 17 U.S.C. § 501 for unauthorized reproduction of copyrighted works, not for injury to reputation. Defendants' motion offers no citation to any defamation claim in the Prior Action because none exists.

Where, as here, the cases rest on entirely distinct causes of action with different elements and proof, they do not present "substantially similar issues of fact" under Rule 40.1(g)(1)(B)(i).

2. The Cases Involve Fundamentally Different Legal Claims

Prior Action (22-cv-11421)

- Copyright infringement (17 U.S.C. § 501)
- DMCA violations
- Federal intellectual property law
- Statutory damages under copyright statute

Present Action (25-cv-11610)

- Defamation (state law)
- False light invasion of privacy
- Intentional infliction of emotional distress
- Civil conspiracy

These claims require entirely different elements of proof and legal analysis:

Copyright infringement requires showing:

- Ownership of valid copyright
- Copying of constituent elements that are original
- Substantial similarity between original and allegedly infringing work
- Fair use analysis under 17 U.S.C. § 107

Defamation requires proving:

- False statement of fact (not opinion)
- Publication to third party
- Fault amounting to actual malice (for public figures)
- Damages to reputation
- Statement's defamatory character

False light invasion of privacy requires:

- Publicity that places person in false light
- Highly offensive to reasonable person
- Actual malice

Intentional infliction of emotional distress requires:

- Extreme and outrageous conduct
- Intent to cause severe emotional distress or reckless disregard
- Actual causation of severe distress

Civil conspiracy requires:

- Agreement between two or more persons
- To accomplish unlawful purpose or lawful purpose by unlawful means
- Overt act in furtherance
- Damages

The legal standards, burdens of proof, applicable precedents, defenses, and evidentiary requirements are entirely distinct.

3. The Cases Involve Different Factual Inquiries

The Prior Action centered on whether Defendants infringed Plaintiff's copyrighted video content by reproducing it without authorization. The core factual disputes involved:

- Ownership and validity of copyrights
- Whether copying occurred
- Whether Defendants' use qualified as fair use under four statutory factors

The present action centers on whether Defendants made false statements of fact that injured Plaintiff's reputation and caused emotional distress. The core factual disputes involve:

- Whether Defendants stated Plaintiff commits blackmail and extortion
- Whether Defendants stated Plaintiff assaulted a woman
- Whether Defendants stated Plaintiff operates fraudulent investment schemes
- Whether these statements are true or false
- Whether Defendants knew the statements were false or acted with reckless disregard for truth

- Whether Defendants acted in concert pursuant to a conspiracy
- Extent of reputational harm and emotional distress

These factual inquiries share no common ground with copyright infringement analysis. Judge Burroughs never made findings on defamation, actual malice, truth or falsity of statements, or conspiracy. The Prior Action was dismissed before any such development occurred.

4. Same Event Does Not Equal Same Occurrence for Relatedness Purposes

Defendants claim both cases "arise out of the same occurrence" because both involve the June 10, 2022 livestream. This superficial temporal overlap does not satisfy Rule 40.1(g)(1)(B)(ii). If it did, virtually any dispute involving the same individuals on the same day would become "related," a result the Rule does not contemplate.

The Prior Action concerned Defendants' unauthorized reproduction of Plaintiff's copyrighted video content—a violation of intellectual property rights.

The present action concerns Defendants' spoken false statements about Plaintiff during the livestream—tortious conduct causing reputational and emotional injury.

Even when events occur contemporaneously, courts do not deem cases "related" where the actionable conduct, proof, and governing law differ. Multiple causes of action can arise from the same general time period or relationship without constituting the "same occurrence" for relatedness purposes.

Moreover, Plaintiff's tort claims extend beyond the June 10, 2022 livestream, encompassing a pattern of defamatory statements and conspiratorial conduct over time.

B. Judicial Economy Strongly Favors Maintaining Assignment to Judge Sorokin

Defendants argue reassignment promotes "judicial efficiency," but precisely the opposite is true.

1. Judge Sorokin Has Already Made Case-Specific Findings

Judge Sorokin has invested substantial judicial resources in this case and made factual findings specifically relevant to the procedural posture:

From Judge Sorokin's November 4, 2025 Order (ECF No. 18):

"DeCastro alleges that these defendants are 'internet-based personalities who conceal their physical locations.'" *Id.* at 2.

"DeCastro reiterates his contention that the defendants are 'online content creators' who 'intentionally maintain anonymity regarding their physical location' in order to 'avoid unwanted contact from viewers and the public.'" *Id.*

"DeCastro has shown that service via email is 'reasonably calculated, under all the circumstances,' to apprise defendants Hiller, Abrams, and Peter of the pendency of this action." *Id.* at 3.

These findings reflect Judge Sorokin's deep engagement with:

- The unique nature of Defendants' online presence
- Their maintenance of anonymity regarding physical addresses
- The appropriateness of alternative service methods
- The specific procedural challenges this case presents

Judge Sorokin has developed institutional knowledge about this specific litigation that cannot be replicated without duplicating judicial labor.

2. Judge Burroughs' Prior Involvement Provides No Efficiency Gain

The Prior Action was dismissed on July 11, 2023—over two years and four months ago. Judge Burroughs has not been engaged with these parties, this subject matter, or these issues for over two years. Any familiarity from 2023 has substantially diminished.

Furthermore, because the legal claims are entirely different, Judge Burroughs' prior rulings on copyright issues, fair use, and federal intellectual property law provide no relevant foundation for analyzing state law tort claims requiring proof of falsity, actual malice, and conspiracy.

Judge Burroughs made no findings on:

- Whether Defendants made false statements
- Whether statements were defamatory
- Whether actual malice existed
- Whether a conspiracy occurred
- Reputational or emotional damages

Reassignment would require Judge Burroughs to start from scratch on an entirely new body of law while also duplicating Judge Sorokin's work on the procedural service issues.

C. Defendants Waived Reassignment by Failing to Designate at the Earliest Opportunity

Parties must designate related cases at the earliest opportunity. Courts routinely find that delay in seeking reassignment constitutes waiver and evidence of strategic forum shopping.

The timeline reveals Defendants' tactical approach:

- November 4, 2025: Judge Sorokin issues detailed substantive Order favorable to Plaintiff
- November 13, 2025: Defendants' counsel acknowledges service and does not mention reassignment
- November 13, 2025: Defendants request 30-day extension; Plaintiff grants it

- November 21, 2025: Defendants thank Plaintiff for the extension and confirm they will file a reassignment motion but acknowledge Plaintiff's opposition
- December 1, 2025: Defendants file their reassignment motion

Defendants passed multiple opportunities to raise relatedness at the outset and raised it only after obtaining extensions and seeing the Court's procedural rulings. Defendants waited until after:

1. Acknowledging service
2. Requesting and receiving a favorable extension Plaintiff granted
3. Judge Sorokin issued substantive rulings establishing procedures and making factual findings

Only then—after observing Judge Sorokin's approach and rulings—did Defendants seek reassignment.

This delay confirms Defendants did not consider the case "related" until after receiving substantive rulings, which is the precise forum-shopping concern Rule 40.1(g) is designed to prevent. If Defendants genuinely believed the cases were related under Rule 40.1(g), they were obligated to raise it immediately upon entering their appearance.

D. The Prior Action's History Counsels Against Reassignment

As Plaintiff previously informed counsel, the Prior Action attracted an unusual volume of unsolicited third-party communications directed to Judge Burroughs. While Plaintiff does not suggest these communications affected the Prior Action's outcome, reassignment would return the litigation to an environment where such external interference previously occurred. Maintaining assignment to Judge Sorokin avoids reintroducing that complication.

E. Plaintiff's Professionalism

Plaintiff affirms his commitment to professionalism, courtesy, and proper courtroom decorum throughout this litigation. Reassignment is unnecessary to ensure proper conduct before this Court.

V. CONCLUSION

Defendants' motion rests on a false premise—that both lawsuits involve defamation claims. The Prior Action involved federal copyright claims; this action involves state law torts. The legal claims, factual issues, proof requirements, and applicable law are entirely different.

Judge Sorokin has already invested substantial resources and made case-specific factual findings. Judge Burroughs dismissed the Prior Action over two years ago and has no familiarity with these state-law tort claims, issues of actual malice, or the alleged civil conspiracy at issue here.

Defendants' tactical delay—waiting until after favorable extension and substantive rulings before seeking reassignment—demonstrates waiver and strategic judge shopping.

Reassignment would neither promote judicial efficiency nor serve the interests of justice. Because related-case rules are construed narrowly and doubts are resolved in favor of preserving the original assignment, this motion should be denied.

For these reasons, Plaintiff respectfully requests that this Court DENY Defendants' Motion for Reassignment.

Respectfully submitted,

/s/ Jose Maria DeCastro
Jose Maria DeCastro
Plaintiff, Pro Se
1258 Franklin
Santa Monica, CA 90404
chille@situationcreator.com
(310) 963-2445

Dated: December 1, 2025

---

CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2025, I caused a true and correct copy of the foregoing to be served electronically via email upon:

Joshua N. Garick, Esq.
Law Offices of Joshua N. Garick, P.C.
Joshua@GarickLaw.com
*Counsel for Joshua Abrams and Dale Hiller*

/s/ Jose Maria DeCastro
Jose Maria DeCastro