UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSE MARIA DECASTRO,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA ABRAMS, DALE HILLER, KATHERINE PETER, and JOHN DOES 1 THROUGH 5,<br><br>Defendants. | * * * * * * * * * * * * * | Civil Action No. 25-cv-11610-ADB |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

In this action, Plaintiff Jose Maria DeCastro ("DeCastro"), proceeding pro se, brings state-law tort claims against Defendants Joshua Abrams ("Abrams"), Dale Hiller ("Hiller"), Katherine Peter ("Peter"), and five John Does, arising from comments made by the named defendants that the unnamed defendants allegedly helped disseminate. Now before the Court is Abrams and Hiller's motion to dismiss and request for sanctions, [ECF No. 32]. For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

# I. BACKGROUND

## A. Factual Background

The following facts are taken from the Amended Complaint, [ECF No. 10 ("Am. Compl.")], the factual allegations of which the Court accepts as true when ruling on a motion to dismiss. See Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014).

DeCastro, a citizen of California, is a "digital content creator, journalist, and civil rights activist." [Am. Compl. ¶¶ 1, 3]. Abrams and Peter, both Massachusetts citizens, operate the YouTube channels "Accountability For All" and "Troll Mafia Official," respectively. [Id. ¶¶ 1, 4, 6]. Hiller, a citizen of West Virginia,[1] operates the YouTube channel "LackLuster." [Id. ¶ 5].

On June 18, 2025, Abrams published a video on YouTube "that repeated and expanded upon . . . defamatory statements" that Abrams made in a 2022 YouTube video, "accused [DeCastro] of grifting, solicited donations based on . . . defamatory claims, and reignited public ridicule [of DeCastro]." [Am. Compl. ¶ 8]. The 2025 video called DeCastro a "vexatious litigant," claimed that DeCastro had "threatened to report Abrams to his parole officer to coerce the removal of a video," and accused DeCastro of a variety of wrongs, including "assault and battery," "blackmail and extortion," "fraudulently purchas[ing] YouTube subscribers," and "us[ing] 'sock accounts' to impersonate others.'" [Id.]. Hiller also participated in the 2025 video, saying that DeCastro was "dangerous and capable of harming others," had "threatened to choke" somebody, and had "attempted to show up at Hiller's residence uninvited." [Id. ¶ 9]. Both Abrams and Hiller suggested that DeCastro had ongoing litigation involving "victims." [Id. ¶¶ 8–9].

Peter also "has made and republished similar defamatory statements" in unrelated, unspecified remarks. Specifically, at some point, Peter said that DeCastro "operat[es] fraudulent businesses structured as Ponzi schemes," "falsely secure[s] investment funding under fraudulent pretenses," and "commit[s] blackmail and extortion." [Am. Compl. ¶ 10].

---

[1] The Amended Complaint alleges that Hiller is a resident of "the District of Columbia or another state," [Am. Compl. ¶ 1], but Hiller subsequently filed an affidavit stating that he is domiciled in West Virginia, [ECF No. 33-1 ¶ 1], which DeCastro does not now dispute, see [ECF No. 34 at 6 (referring to "Hiller's West Virginia residency")].

DeCastro avers that all of these statements were demonstrably false and "were made maliciously and with knowledge of their falsity or reckless disregard" for their truthfulness. [Am. Compl. ¶ 11–12]. As a result of the statements, he "has experienced reputational damage, economic loss from brand harm, and significant emotional distress." [Id. ¶ 13].

### B. Procedural History

DeCastro filed the first complaint in this action on June 3, 2025, [ECF No. 1], and the case was assigned to Judge Sorokin's session. On June 30, 2025, DeCastro filed the operative Amended Complaint. [ECF No. 10]. On November 4, 2025, on DeCastro's motion, [ECF No. 17], Judge Sorokin granted DeCastro leave to effect service by email if he subsequently "file[d] proof of service with the Court . . . demonstrat[ing] that the email address used for each defendant is the defendant's valid personal email address." [ECF No. 18 at 4]. DeCastro never filed proof of service as to any defendant, but on November 26, 2025, counsel for Abrams and Hiller entered an appearance and moved for an extension of time to answer, [ECF No. 20]; [ECF No. 21]; [ECF No. 22], which Judge Sorokin granted on December 1, 2025, [ECF No. 23].

On December 1, 2025, Abrams moved to reassign the case as related to DeCastro v. Abrams, No. 22-cv-11421 (D. Mass. July 11, 2023), [ECF No. 24], and Judge Sorokin ordered DeCastro to respond to the motion, [ECF No. 25]. Following DeCastro's response, [ECF No. 27], Judge Sorokin concluded that the two actions were sufficiently related and reassigned the action to this session, [ECF No. 28].

Thereafter, on January 20, 2026, Abrams and Hiller filed the instant motion to dismiss, [ECF No. 32], which DeCastro opposed on February 2, 2026, [ECF No. 34].

## II. DISCUSSION

Abrams and Hiller seek dismissal pursuant to Rule 12(b), subsections (1), (2), and (6), of the Federal Rules of Civil Procedure—that is, for lack of subject-matter jurisdiction, lack of

personal jurisdiction (as to Hiller only), and failure to state a claim. See [ECF No. 32 at 1]; Fed. R. Civ. P. 12(b)(1), (2), (6). "When a court is confronted with motions to dismiss under both Rules 12(b)(1) and 12(b)(6), it ordinarily ought to decide the former before broaching the latter," Deniz v. Mun. of Guaynabo, 285 F.3d 142, 149 (1st Cir. 2002) (first citing Ne. Erectors Ass'n of BTEA v. Sec'y of Lab., Occupational Safety & Health Admin., 62 F.3d 37, 39 (1st Cir. 1995); and then citing Bell v. Hood, 327 U.S. 678, 682 (1946)), because "if the court lacks subject matter jurisdiction, assessment of the merits becomes a matter of purely academic interest," id. at 150. Accordingly, the Court begins with subject-matter jurisdiction and, concluding that it lacks jurisdiction over this action, goes no further.

"[T]he requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" Fafel v. DiPaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)). "The existence of subject-matter jurisdiction 'is never presumed,'" id. (quoting Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998)); rather, federal courts "must satisfy themselves that subject-matter jurisdiction has been established," id. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal district courts may exercise jurisdiction over civil actions (1) arising under federal laws, see 28 U.S.C. § 1331, or (2) in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332. On a motion to dismiss pursuant to Rule 12(b)(1), the Court "accept[s] the factual averments of the complaint as true, and construe[s] those facts in the light most congenial to the [plaintiff's] cause." Royal v. Leading Edge Prods., 833 F.2d 1, 1 (1st Cir. 1987) (first citing Guessefeldt v. McGrath, 342 U.S. 308, 310 (1952); and then citing Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987)).

"Dismissal can be justified only if it clearly appears that no colorable hook exists upon which subject matter jurisdiction can be hung." Id. Even so, the plaintiff "bears the burden of establishing that the federal court has subject-matter jurisdiction." Klimowicz v. Deutsche Bank Nat'l Tr. Co., 907 F.3d 61, 64 (1st Cir. 2018) (citing Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017)).

Here, DeCastro invokes the Court's diversity jurisdiction, see [Am. Compl. ¶ 1], meaning that he must show that the amount in controversy is greater than $75,000. "The . . . plaintiff carries the burden to establish that the minimum amount in controversy has been met." Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 41 (1st Cir. 2012). "While normally 'a plaintiff's general allegation that the dispute exceeds the jurisdictional minimum is sufficient to support jurisdiction,' when challenged, the plaintiff 'has the burden of alleging with sufficient particularity facts indicating that it is not a legal certainty that the claim involves less than the jurisdictional amount.'" Andersen v. Vagaro, Inc., 57 F.4th 11, 15 (1st Cir. 2023) (quoting Dep't of Recreation & Sports of P.R. v. World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir. 1991)). "Merely reiterating general descriptions of damages is insufficient, particularly when a plaintiff is put on notice of the complaint's deficiencies by a . . . motion to dismiss." Id. (quoting Abdel-Aleem, 665 F.3d at 42–43).

The Amended Complaint and DeCastro's subsequent pleadings fail to establish that the requisite amount is in controversy. The Amended Complaint states, without elaborating, that "the matter in controversy exceeds $75,000," [Am. Compl. ¶ 1], and later alleges vaguely that DeCastro has suffered "[r]eputational harm and loss of professional credibility," "[d]ecreased viewership and subscriber engagement," "[l]oss of potential business opportunities and collaborations," "[e]motional distress, anxiety, and [f]ear of [f]uture losses," unspecified "[c]osts

associated with attempting to mitigate the reputational damage," and a loss of "402 subscribers" to his YouTube channel. [Id. ¶ 17]. It does not assign a dollar value to any of these harms or explain the basis for the valuation. The Amended Complaint also seeks damages of $1,000,000, [Am. Compl. at 9], but it does not explain how any of DeCastro's claimed damages support that figure. Turning to DeCastro's opposition, it states that "Plaintiff need only allege damages in good faith" at this stage, [ECF No. 34 at 6 (citing Abdel-Aleem, 665 F.3d at 41)], but Abdel-Aleem does not support that formulation. In that case, the First Circuit affirmed the dismissal of a complaint where there was "no substantiation for or valuation of any of the economic, emotional or physical damages" alleged in the complaint, Abdel-Aleem, 665 F.3d at 42, despite an "amendment adding 'at least $1,000,000' as the alleged amount in controversy," id. at 43.

All told, DeCastro has failed to adequately support his claimed amount in controversy, and the Court must dismiss for lack of diversity jurisdiction. See Fed. R. Civ. P. 12(h)(3). That said, pursuant to its obligation, "within reasonable limits, to guard against the loss of pro se claims due to technical defects," Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) (citing Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000)), the Court will give DeCastro leave to amend within 21 days if he can set forth specific facts that support, with "sufficient particularity," his "contention that there is more than $75,000 at stake." Abdel-Aleem, 665 F.3d at 42.

Because the Court concludes that it lacks jurisdiction, it does not reach the other grounds for dismissal advanced by Abrams and Hiller.[2] Though it retains jurisdiction to impose sanctions, see Willy v. Coastal Corp., 503 U.S. 131, 138–39 (1992), on the record presently

---

[2] Without deciding those issues, the Court notes that if DeCastro ultimately satisfies the jurisdictional requirements, Abrams and Hiller's arguments for dismissal will require serious consideration.

before it, the Court sees no basis for sanctioning DeCastro. Nonetheless, DeCastro is warned that further conduct that suggests he is abusing the judicial system to harass and vex those he dislikes may change the calculus.

## III. CONCLUSION

For the foregoing reasons, Abrams and Hiller's motion, [ECF No. 32], is **GRANTED IN PART** and **DENIED IN PART**. The action is **DISMISSED** for lack of jurisdiction with leave to file a second amended complaint within 21 days of this order if DeCastro can cure the jurisdictional deficiencies identified herein.[3]

**SO ORDERED.**

September 25, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

[3] This dismissal is applicable to all Defendants. The Court separately notes that DeCastro has not filed proof of service for Peter. If DeCastro intends to file a second amended complaint and wishes to continue maintaining this action against Peter, he must file a proof of service for Peter or Peter will be dismissed for failure to effect timely service. See Fed. R. Civ. P. 4(m).