UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2026 OCT 15 P 12:42
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | | |
|---|---|---|
| JOSE MARIA DECASTRO,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA ABRAMS, DALE HILLER, KATHERINE PETER, and JOHN DOES 1 THROUGH 5,<br><br>Defendants. | ) | Civil Action No. 1:25-cv-11610-ADB |

PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE

SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM

Plaintiff Jose Maria DeCastro, appearing pro se, respectfully moves under Federal Rule of Civil Procedure 6(b)(1)(A) for a thirty (30) day extension of time to file the Second Amended Complaint permitted by the Court's Memorandum and Order of September 25, 2026 (ECF No. 37), making the new deadline Monday, November 16, 2026. This Motion is filed before the current deadline expires. In support, Plaintiff states the following:

I. PROCEDURAL HISTORY

1. On September 25, 2026, the Court granted in part and denied in part the motion to dismiss filed by Defendants Joshua Abrams and Dale Hiller (ECF No. 32), dismissed the action for lack of subject matter jurisdiction, and granted Plaintiff leave to file a second amended complaint within 21 days if he can cure the jurisdictional deficiencies identified in the Order. ECF No. 37 at 7.

2. The Court dismissed the action based on Plaintiff's failure to establish the requisite amount in controversy with sufficient particularity. Id. at 5-6. The Court did not reach Defendants' remaining grounds for dismissal. Id. at 6.

3. Under Federal Rule of Civil Procedure 6(a)(1), the current deadline to file the Second Amended Complaint is Friday, October 16, 2026. Thirty days from that date falls on Sunday, November 15, 2026, so under Rule 6(a)(1)(C) the extended deadline would be Monday, November 16, 2026.

4. This is Plaintiff's first request to extend this deadline.

II. GOOD CAUSE EXISTS FOR THE REQUESTED EXTENSION

A. Additional Time Is Needed to Plead the Amount in Controversy With Sufficient Particularity

5. The Court directed that any amended pleading set forth "specific facts that support, with 'sufficient particularity,'" the contention that more than $75,000 is at stake. ECF No. 37 at 6 (quoting Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 42 (1st Cir. 2012)).

6. To address the jurisdictional deficiency the Court identified, Plaintiff seeks to gather, organize, and analyze available financial records and other evidence supporting a particularized valuation of the amount in controversy. These include platform revenue reports and audience analytics covering the periods before and after the June 10, 2022 and June 18, 2025 broadcasts at issue, records of lost business opportunities and collaborations, and costs Plaintiff incurred in responding to the statements. Reviewing and organizing these records will allow Plaintiff to identify the factual basis for the claimed amount in controversy and present a more particularized pleading consistent with the Court's Order. Given the volume of records requiring review and Plaintiff's responsibility for conducting that review without counsel, the requested additional thirty days are reasonably necessary to complete the amended pleading.

7. Plaintiff is proceeding pro se, without counsel, staff, or a retained damages expert, and must perform this work himself.

8. Plaintiff seeks this extension to provide specific factual allegations, with sufficient particularity, supporting the amount in controversy, including an appropriate valuation of

economic and other legally recoverable harm. A complete pleading will allow the Court to assess its jurisdiction on an accurate record and therefore serves judicial economy.

B. Service as to Defendant Peter

9. The Court also noted that Plaintiff has not filed proof of service as to Defendant Katherine Peter. ECF No. 37 at 7 n.3. Plaintiff acknowledges the Court's observation and intends to address that issue separately in accordance with the Federal Rules of Civil Procedure and the Court's Order.

C. The Extension Is Timely, Made in Good Faith, and Will Not Cause Material Prejudice

10. Rule 6(b)(1)(A) permits the Court, for good cause, to extend a deadline when the request is made before the original time expires. This Motion is made before the October 16, 2026 deadline.

11. The Court has recognized its obligation, "within reasonable limits, to guard against the loss of pro se claims due to technical defects." ECF No. 37 at 6 (quoting Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008)). A modest extension to allow a pro se plaintiff to plead the jurisdictional amount with the required factual particularity is consistent with that obligation.

12. The requested extension is brief and is not expected to cause material prejudice to any party. The action remains at the pleading stage, and the additional time will permit Plaintiff to address the jurisdictional issue identified by the Court. Defendants Abrams and Hiller likewise received an extension of time earlier in this action. See ECF No. 23.

13. This Motion is not made for purposes of delay. Plaintiff intends to file the Second Amended Complaint on or before the extended deadline.

III. LOCAL RULE 7.1 CERTIFICATION

14. Pursuant to Local Rule 7.1(a)(2), Plaintiff certifies that on October 12, 2026, at 12:39 PM Pacific Time, he contacted Joshua N. Garick, counsel for Defendants Joshua Abrams and Dale Hiller, by electronic mail at Joshua@garicklaw.com in a good-faith effort to confer regarding the

requested thirty (30) day extension of time. Plaintiff requested that counsel advise whether Defendants assent to or oppose the extension by October 14, 2026, and offered to discuss the matter by telephone. As of the date this Motion was signed and mailed to the Court, October 13, 2026, counsel had not responded to the request. Plaintiff will promptly notify the Court of Defendants' position if counsel responds before the Court rules. Defendant Katherine Peter has not appeared in this action.

IV. CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order:

a. Granting a thirty (30) day extension of the deadline for Plaintiff to file the Second Amended Complaint permitted by the Memorandum and Order of September 25, 2026 (ECF No. 37), up to and including Monday, November 16, 2026; and

b. Granting such other and further relief as the Court deems just and proper.

Dated: October 13, 2026

Respectfully submitted,

Jose Maria DeCastro
Plaintiff, Pro Se
5350 Wilshire Blvd
PO Box 36143
Los Angeles, CA 90036
chille@situationcreator.com

CERTIFICATE OF SERVICE

I, Jose Maria DeCastro, hereby certify that on the date set forth below, I caused a true and correct copy of the foregoing Plaintiff's Motion for Extension of Time to File Second Amended Complaint

to be served by electronic mail upon Joshua N. Garick, counsel for Defendants Joshua Abrams and Dale Hiller, pursuant to the parties' written agreement to accept service by email. See Fed. R. Civ. P. 5(b)(2)(E).

Dated: October 13, 2026

Jose Maria DeCastro, Pro Se